UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


RAHEEM RASHEED ABUBARDAR,       )
     Plaintiff,                 )
                                )
            v.                  )
                                )
                                ) Civil Action No. 11-12337-MLW
                                )
MICHAEL A. SULLIVAN,            )
     Defendant.                 )
                                )
                                )

                       MEMORANDUM AND ORDER

WOLF, D.J.                                       January 11, 2012

I.   INTRODUCTION

     On December 30, 2011, Plaintiff Raheem Rasheed Abubardar

("Abubardar"), a prisoner in custody at MCI Norfolk in Norfolk,

Massachusetts, filed a self-prepared civil rights Complaint under

42 U.S.C. §1983 against Clerk-Magistrate Michael A. Sullivan.

Among other things, Abubardar alleges that the defendant denied him

access to the state courts in violation of his First and Fourteenth

Amendment rights, because the defendant twice refused to file and

docket Abubardar's motion in his state civil action pending in the

Middlesex Superior Court.  This refusal to accept Abubardar's

pleading was made notwithstanding that his motion was filed at the

direction of the Massachusetts Appeals Court.[1]  Abubardar seeks

---

[1]Abubardar alleges that on August 24, 2011, the Massachusetts
Appeals Court ("MAC") revised its initial decision denying his
appeal, and granted a partial decision remanding his case back to
the Middlesex Superior Court for further proceedings.  Abubardar
further alleges that the defendant failed to comply with the MAC
decision for remand, prompting him to file a motion for an order

declaratory relief, as well as monetary damages.

Along with the Complaint, Abubardar filed a Motion for Leave to Proceed in forma pauperis along with his prison account statement (Docket No. 2), and a Motion to Waive Filing Fee (Docket No. 4).

II.  DISCUSSION

   A.  The Motions for Leave to Proceed In Forma Pauperis and to Waive Filing Fee

Upon review of Abubardar's financial disclosures and prison account statement, this court finds that he lacks sufficient funds to pay the $350.00 filing fee for this civil action.  Accordingly, his Motion for Leave to Proceed in forma pauperis (Docket No. 2) will be ALLOWED.

However, because Abubardar is a prisoner he is obligated to make payments toward the $350.00 filing fee, pursuant to the Prison Litigation Reform Act.  See 28 U.S.C. §1915 (the in forma pauperis statute).  Abubardar's prison account statement indicates that he he has been almost entirely without funds from January, 2011 to October, 2011.  Accordingly, this court will not assess an initial partial filing fee; however, pursuant to 28 U.S.C. §1915(b)(2), Abubardar is obligated to make monthly payments of 20 percent of

---

compelling the defendant to comply with the directives of the MAC. The MAC denied the motion without prejudice and ordered Abubardar to file his motion in the Middlesex Superior Court.  Abubardar claims that on December 2, 2011, he complied with the MAC's directive, and his pleadings were received by the defendant on December 5, 2011.

the preceding month's income credited to his account until the statutory filing fee of $350.00 has been paid in full.

Accordingly, to the extent that Abubardar seeks a complete waiver of the $350.00 filing fee in lieu of making payments in accordance with 28 U.S.C. §1915(b)(2), the Motion to Waive the Filing Fee (Docket No. 4) will be <u>DENIED</u>.  This motion is <u>ALLOWED</u>, however, to the extent that Abubardar may proceed <u>in</u> <u>forma</u> <u>pauperis</u> and may elect to have the United States Marshals Service advance the costs of service.

This order is made apart from any other assessments made in other civil actions filed by Abubardar;[2] however, for purposes of clarification for crediting any funds received from Abubardar, this court intends that any funds received from his prison account first be applied to any prior Order of a Court assessing a filing fee pursuant to 28 U.S.C. §1915.

    B.   <u>Issuance of Summonses; Service by the United States Marshals</u>

After a preliminary screening pursuant to 28 U.S.C. §§1915(e) and 1915A, the court will permit this action to proceed at this time, and will direct the Clerk to issue a summons and the United States Marshals Service to effect service, as set forth below.

---

[2]<u>See, e.g.</u>, <u>Abubardar v. Ladouceur, et al.</u>, Civil Action No. 08-11152-NMG; and <u>Abubardar v. Doyle</u>, Civil Action No. 08-10916-NMG.

III. CONCLUSION

Based on the foregoing, it is hereby ORDERED that:

1.  Plaintiff's Motion for Leave to Proceed <u>in</u> <u>forma</u> <u>pauperis</u> (Docket No. 2) is <u>ALLOWED</u>. Plaintiff is obligated to make payments toward the filing fee pursuant to 28 U.S.C. § 1915(b)(2);

2.  Plaintiff's Motion to Waive Filing Fee (Docket No. 4) is <u>DENIED</u> to the extent that Plaintiff seeks a complete waiver of the $350.00 filing fee in lieu of making payments in accordance with 28 U.S.C. §1915(b). The motion is <u>ALLOWED</u> only to the extent that Plaintiff may proceed <u>in</u> <u>forma</u> <u>pauperis</u> and may elect to have the United States Marshals Service advance the costs of service.

3.  The Clerk shall issue summonses with respect to defendant Michael A. Sullivan.

4.  The Clerk shall send the summons, a copy of the complaint, and copy of this Memorandum and Order to the plaintiff, who must thereafter serve the defendant in accordance with Federal Rule of Civil Procedure 4(m). The plaintiff may elect to have service made by the United States Marshals Service. If directed by the plaintiff to do so, the United States Marshals shall serve the summons, a copy of the complaint, and a copy of this Memorandum and Order upon the defendant, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States Marshals Service. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 120 days from the date of this Order to complete service.

                                                    /s/ Mark L. Wolf
                                         UNITED STATES DISTRICT JUDGE